Stan S. Mallison (SBN 184191)
  StanM@TheMMLawFirm.com
Hector R. Martinez (SBN 206336)
  HectorM@TheMMLawFirm.com
Marco A. Palau (SBN 242340)
  MPalau@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612
Tel: (510) 832-9999
Fax: (510) 832-1101

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

S.G., a minor student, by and through her parents, L.G. and M.G.,

Plaintiffs,

v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT, DONAVAN EAGLE HARPER, MICHAEL ESSIEN, DINORA CASTRO, ANNA ROBERDS, and DOES 1 through 99, inclusive,

Defendants.

Case No.

COMPLAINT FOR DAMAGES:
1. **ASSAULT**
2. **BATTERY**
3. **FALSE IMPRISONMENT**
4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
5. **SEXUAL HARASSMENT IN VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
6. **VIOLATION OF EDUCATION CODE §§201(C), 212.5**
7. **VIOLATION OF EDUCATION CODE §§201(F), 212.5**
8. **NEGLIGENCE PER SE (VIOLATION OF PENAL CODE §11166)**
9. **NEGLIGENT SUPERVISION**
10. **NEGLIGENT TRAINING**
11. **NEGLIGENT HIRING/RETENTION**
12. **VIOLATION OF TITLE IX, 20 U.S.C. §1681(A)**
13. **VIOLATION OF 42 U.S.C. §1983 – AGAINST HARPER**

Based upon information and belief available to S.G., L.G. and M.G. (collectively "Plaintiffs") at the time of the filing of this Complaint, Plaintiffs make the following allegations:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

2.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391 because the events and/or omissions giving rise to the claims occurred within this District and where Plaintiffs and Defendants reside.

## INTRADISTRICT ASSIGNMENT

3.      This case is properly assigned to the San Francisco Division of this Court because the action arises from events that occurred in the counties covered by the San Francisco Division as described Northern District Local Rule 3-2(e).

## FACTS

4.      Plaintiff S.G. was a sixth-grade student at Martin Luther King Junior Middle School for the first semester of the 2016-2017 school year and the beginning of the second semester of the 2016-2017 school year.

5.      Martin Luther King Jr. Middle School ("MLK") is part of the San Francisco Unified School District ("SFUSD").

6.      A significant number of students at MLK come from homes where English is not the primary language spoken at home.

7.      S.G.'s parents', L.G. and M.G.'s first language is Spanish.

8.      Defendant DONAVAN EAGLE HARPER ("HARPER") was a physical education teacher at MLK during the 2016-2017 school year.

9.     Plaintiff S.G., at eleven years of age, was repeatedly sexually assaulted by Defendant HARPER during the first semester of the 2016-2017 school year.

10.     Defendant HARPER assisted S.G. with her homework during Defendant ANNA ROBERDS' ("ROBERDS") math class. While assisting S.G., Defendant HARPER frequently engaged in grooming behavior, i.e., behavior designed to befriend a child and establish an emotional connection in order to lower the child's inhibitions for child sexual abuse.  For example, Defendant HARPER gave S.G. extra help on homework, showered her with compliments, asked her about her interests, encouraged her to eat healthy and told S.G. he cared for her.

11.     While assisting S.G. with her homework in Defendant ROBERDS' class, Defendant HARPER's grooming behavior quickly transitioned into sexually-based physical contact, such as hugging, sitting close to S.G. while providing in-class assistance and petting or rubbing the middle of S.G.'s back.

12.     While assisting S.G. with her homework in Defendant ROBERT's class, Defendant HARPER'S sexually-based physical contact quickly escalated to sexual abuse in the form of Defendant HARPER caressing and stroking S.G.'s hip, running his fingers through her hair, playing with her ear lobes, sitting inappropriately close to S.G. so that his thighs touched her thighs, caressing her back, pressing his body against hers and wrapping his arms around her without consent, and stroking her breasts.

13.     Defendant HARPER's predatory behavior towards S.G. continued to escalate. For example, Defendant HARPER attempted to isolate S.G. from her friends and would wait for S.G. before school.

14.     During school Defendant HARPER would call S.G.'s name to get her attention

and then blew kisses at her.

15.     Defendant HARPER threatened to hurt S.G.'s family if she disclosed the sexual abuse.

16.     Defendant HARPER was not secretive about his sexual abuse of S.G.  In plain daylight, many of S.G.'s peers witnessed Defendant HARPER's sexual abuse of S.G.

17.     On mornings where Defendant HARPER was waiting for S.G., S.G., out of extreme fear, would try to run past or around Defendant HARPER.

18.     After school, S.G. stayed on campus to play soccer with friends.  Defendant HARPER stalked her and coerced her into conversation and sexually inappropriate touching.

19.     S.G. attempted to avoid Defendant HARPER to elude his advances.

20.     On October 16, 2016, MLK Assistant Principal DINORA CASTRO ("CASTRO") called S.G. to her office to request statements from her and four other victims of HARPER's sexual abuse. On information and belief, Principal MICHAEL ESSIEN ("ESSIEN") was informed of these meeting with student victims or had reasonable suspicion that these meeting were taking place.

21.     During the October 16, 2016 meeting, Defendant CASTRO claimed she would call S.G.'s parents to discuss the sexual abuse.

22.     Defendant CASTRO did not directly call S.G.'s parents. Defendant CASTRO instructed S.G. to call her mother, M.G., to inform her that that Defendant CASTRO needed M.G. to come in to speak with Defendant CASTRO.

23.     Nine days later, on October 25, 2016, MLK sent a letter home to parents. Notably, the letter was in English and failed to notify parents that the letter was available in Spanish on the school's website.  Furthermore, MLK further victimized S.G. and the other

victims by describing HARPER's repeated sexual abuse as mere "sexual harassment."

24.    S.G.'s parents struggled to understand the letter and required assistance from their children to translate the letter from English to Spanish.

25.    MLK and Defendant SFUSD made no other attempts at outreach to further inform S.G.'s parents of the nature of their employee HARPER's sexual abuse of S.G. or steps MLK and Defendant SFUSD were taking to eliminate the hostile environment, prevent its reoccurrence and address its effects.

26.    Other than placing Defendant HARPER on leave and sending the watered-down letter written in English home to parents, MLK and Defendant SFUSD took no further steps to eliminate the hostile environment, prevent its reoccurrence and address its effects.

27.    S.G.'s mother, M.G., called MLK for further clarification about the "sexual harassment" of her daughter, S.G.  MLK did not return M.G.'s phone call.

28.    Approximately one week later, M.G. presented in person to the MLK school office and insisted on speaking with Defendant CASTRO.

29.    Defendant CASTRO reported that she had no additional information about the case.

30.    S.G.'s parents received no additional information from MLK or Defendant SFUSD relating Defendant HARPER's sexual assaults of S.G.

31.    Defendant SFUSD and MLK never offered S.G. counseling to address the effects of Defendant HARPER's assaults on S.G.

32.    By December 2016, S.G.'s parents decided to remove her from MLK due to MLK's failure to support her and help her work through her trauma as well as evidence of S.G.'s significant anxiety, fear, trauma and symptoms related to her experienced sexual

abuse.

33.    M.G. met with a Mr. Ramon Martinez from SFUSD.  Mr. Martinez reported that S.G.'s school record did not contain a report or any formal documentation of Defendant HARPER's sexual assault of S.G.

34.    Mr. Martinez informed M.G. she was obligated to obtain a letter from MLK approving and verifying a reason for the school transfer.

35.    When M.G. sought MLK's approval for S.G.'s transfer, MLK staff were cold and unsupportive towards M.G.

36.    MLK's transfer paperwork for S.G. did not list Defendant HARPER's sexual abuse as the reason for transfer.

37.    After learning of S.G.'s intention to transfer schools, S.G.'s peer group bullied her.

38.    S.G.'s peer group frequently told her to leave MLK and socially isolated her.

39.    S.G. frequently returned home in tears due to a combination of the harsh treatment she received from her peer group and the shame she felt from Defendant HARPER's sexual abuse.

40.    On S.G.'s last day of school at MLK, her peers refused to say goodbye to her and excluded her throughout the day.

41.    After Defendant HARPER's sexual abuse of S.G., she became socially isolated and rarely communicates or spends time with friends.

42.    Defendant HARPER's sexual abuse of S.G. exacerbated by MLK and Defendant SFUSD's failure to address Defendant HARPER's abuse of S.G. after the sexual abuse has significantly negatively impacted S.G. and her family.

43.     Once a well-adjusted child, S.G. now suffers from moderate to severe anxiety, depression and Posttraumatic Stress Disorder.

44.     S.G. meets regularly with a therapist to cope with living life as a sexual abuse survivor.

45.     S.G. reports feeling worried and sad often.

46.     S.G. reports feeling ashamed and sad when talking about her sexual abuse.

47.     S.G. reports feeling worried that Defendant HARPER will abuse her again, hurt her family or abuse other children.

48.     S.G. fidgets and cuts her hair by her ears with scissors as it reminds her of when Defendant HARPER played with her hair.

49.     S.G. used to have a close relationship with her father and would frequently hug her father.  S.G.'s father's hug reminds her of Defendant HARPER hugging her.  S.G. no longer hugs her father. S.G. does not like physical affection from anyone.

50.     S.G. feels scared being left alone with older men, including her father.

51.     S.G., once outgoing, has become withdrawn and introverted.  S.G. is quiet, does not smile, and wishes to be invisible.

52.     S.G. has changed her appearance since Defendant HARPER sexually abused her. Prior to Defendant HARPER's sexual abuse, S.G. maintained her hygiene, wore dresses and did her hair.  Now, S.G. becomes visibly upset and lashes out when her parents encourage her to embrace her beauty.  S.G. no longer combs her hair and instead of wearing dresses, S.G. hides her body with long shirts and pants.  S.G. does not want her body to be visible out of fear she will be preyed upon.

53.     S.G. has a decreased appetite since she was sexually abused by Defendant

HARPER.  S.G. often does not eat lunch at school.  S.G.'s interest in food is replaced by feelings of anxiety.

54.     S.G. believes the sexual abuse she experienced is her fault and she feels shame and guilt that it happened.

55.     S.G.'s birthday was this past November.  S.G. told her parents she did not want a party.  S.G. stated that for her "birthdays don't exist anymore."

56.     Once a gregarious and affable young lady, S.G. now spends most of her time alone.

57.     S.G.'s parents worry that she will self-harm due to her significant sadness and anger.  They frequently check-in with her out of fear for her well-being.

58.     S.G. was once a doting daughter and a role model for her two younger siblings.  Now, she is experiencing increasing irritability, anger, and engaging in frequent noncompliance with parental assigned tasks.

59.     For example, S.G. becomes angry and lashes out at her parents when they ask her to do a chore.  After being asked to do the dishes, S.G. replied to her mother, "when you die, I won't care."

60.     S.G. had a special bond with her father.  S.G. used to make handmade and handwritten cards for her father.  Now, S.G. avoids him altogether.

61.     S.G. avoids eye-contact, eats her meals in silence and gives one-word answers to questions directed to her by her family.

62.     Whereas S.G. used to play with her younger siblings, now she projects her anger on her younger siblings by hitting them.  When S.G.'s siblings try to hug her, she screams and becomes physically aggressive towards them.

63. S.G.'s parents no longer demand or expect her to do anything to help out the family.

64. S.G. has nightmares and night terrors of HARPER's sexual abuse.

65. Plaintiffs submitted a timely claim to Defendant SFUSD relating to Plaintiffs' injuries alleged herein pursuant to Government Code Section 905.  On or about April 3, 2017 Defendant SFUSD mailed Plaintiffs a rejection of claims.

**FIRST CLAIM FOR RELIEF – Assault Against Defendants, HARPER and SFUSD**

66. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

67. By engaging in the conduct and by doing the acts herein described, Defendant HARPER acted intending to cause harmful or offensive contact.

68. With reference to the allegations of physical contact by Defendant HARPER described herein, S.G. reasonably believed she was about to be touched in a harmful or offensive manner.

69. With reference to the allegations of physical contact by Defendant HARPER described herein, S.G. did not consent to Defendant HARPER's conduct.

70. With reference to the allegations described herein, S.G. was harmed as follows:

   A. She suffered pain, inconvenience and severe emotional distress.

   B. She incurred medical expenses.

   C. She will incur future medical expenses to treat the effects of Defendants' conduct.

71. Defendant HARPER's conduct, as alleged herein, was a substantial factor in causing S.G. harm, as alleged herein.

72. Defendant HARPER acted, as alleged herein, with intent to cause injury or with a

willful and knowing disregard of the rights or safety of S.G.

73.     Defendant HARPER's conduct, as alleged herein, is deplorable and subjected S.G. to cruel and unjust hardship with knowing disregard of her rights such that S.G. is entitled to an award of punitive damages against Defendant HARPER in an amount sufficient to punish him and deter others from similar acts.

74.     Defendant SFUSD ratified Defendant HARPER's conduct, as alleged herein.

75.     Defendant SFUSD is vicariously liable for Defendant HARPER's conduct.

**SECOND CLAIM FOR RELIEF – Battery Against Defendants, HARPER and SFUSD**

76.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

77.     Defendant HARPER touched S.G., as alleged in this Complaint, with the intent to harm or offend her.

78.     S.G. did not consent to the touching as alleged herein.

79.     S.G. was harmed and offended by Defendant HARPER's conduct as alleged in this Complaint.

80.     A reasonable person in S.G.'s situation would be offended by the touching, as alleged in this Complaint.

81.     Defendant SFUSD ratified Defendant HARPER's conduct, as alleged herein.

82.     Defendant SFUSD is vicariously liable for Defendant HARPER's conduct.

**THIRD CLAIM FOR RELIEF – False Imprisonment Against Defendants, HARPER and SFUSD**

83. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

84. Defendant HARPER intentionally deprived S.G. of her freedom of movement by threat of force as alleged above.

COMPLAINT FOR DAMAGES -  1

85. S.G. did not consent to the acts of Defendant HARPER as alleged herein.

86. S.G. was actually harmed by Defendant HARPER's acts, as alleged herein.

87. Defendant HARPER's conduct, as alleged herein, was a substantial factor in causing S.G.'s harm.

88. Defendant SFUSD ratified Defendant HARPER's conduct, as alleged herein.

89. Defendant SFUSD is vicariously liable for Defendant HARPER's conduct.

**FOURTH CLAIM FOR RELIEF – Intentional Infliction of Emotional Distress Against Defendants, HARPER and SFUSD**

90.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

91.     Defendant HARPER's conduct, as alleged in this Complaint, was outrageous.

92.     By engaging in the conduct and by doing the acts described herein, Defendant HARPER intended to cause S.G. emotional distress.

93.     By engaging in the conduct and by doing the acts described herein, Defendant HARPER acted with reckless disregard that S.G. would suffer emotional distress, knowing that S.G. was present when the conduct occurred.

94.     S.G. suffered severe emotional distress as a result of Defendant HARPER's conduct as alleged in this Complaint.

95.     Defendant HARPER's conduct, as alleged in this Complaint, was a substantial factor in causing S.G. severe emotional distress.

96.     Defendant SFUSD ratified Defendant HARPER's conduct, as alleged herein.

97.     Defendant SFUSD is vicariously liable for Defendant HARPER's conduct.

**FIFTH CLAIM FOR RELIEF - Sexual Harassment in Violation of the Unruh Civil Rights Act, Civil Code §51.9, Against Defendants, HARPER and SFUSD**

98.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES -  1

1

99.     A professional relationship of teacher and student existed between Defendant HARPER and S.G.

100.     Defendant HARPER engaged in sexual advances, demands for sexual compliance by S.G. and engaged in other verbal, visual and physical conduct or a sexual nature or of a hostile nature based on gender.

101.     S.G. did not welcome Defendant HARPER's conduct and his conduct was pervasive and severe.

102.     Given S.G.'s status as a minor, compulsory education requirement and the overall imbalance in power between S.G. and Defendant HARPER, S.G. could not easily terminate the relationship.

103.     S.G. has suffered and continues to suffer as a result of Defendant HARPER's sexual assault and battery by way of emotional distress, violation of the Unruh Civil Rights Act, Civil Code §51.9.

104.     Defendant SFUSD ratified Defendant HARPER's conduct, as alleged herein.

105.     Defendant SFUSD is vicariously liable for Defendant HARPER's conduct.

**SIXTH CLAIM FOR RELIEF – Violation of Education Code §§210(c), 212.5 Against Defendants, HARPER and SFUSD**

106.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

107.     As set forth in this Complaint, Defendant HARPER subjected S.G. to unwanted and harassing conduct because she was a female student.

108.     The alleged harassing conduct was severe and pervasive.

109.     A reasonable female student in S.G.'s position would have considered the school environment to be hostile or abusive by virtue of the acts and conduct alleged herein.

COMPLAINT FOR DAMAGES -  1

110.    S.G. considered the school environment to be hostile or abusive by virtue of the acts and conduct alleged herein.

111.    Defendant SFUSD and its supervisors knew or should have known of HARPER's alleged conduct and failed to take immediate and appropriate corrective action.

112.    Defendant HARPER's conduct towards S.G. and Defendant SFUSD's failure to take immediate and appropriate corrective action created an intimidating, hostile and offensive school environment.

113.    The alleged conduct of Defendants HARPER and SFUSD was a substantial factor in causing S.G. harm.

**SEVENTH CLAIM FOR RELIEF – Violation of Education Code §§201(f), 212.5: Failure to Prevent Harassment, Discrimination or Retaliation Against Defendant, SFUSD**

114.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

115.    As alleged herein, S.G. was subjected to harassing conduct because she is a female and retaliation because she opposed Defendant SFUSD's unlawful and discriminatory practices.

116.    As alleged herein, Defendant SFUSD failed to take reasonable steps to prevent the harassment and retaliation.

117.    As alleged herein, S.G. was harmed by Defendant SFUSD's acts and omissions.

118.    Defendant SFUSD's failure to take reasonable steps to prevent harassment and retaliation, as alleged herein, was a substantial factor in causing S.G.'s harm as alleged herein.

**EIGHTH CLAIM FOR RELIEF – Negligence Per Se Against Defendants SFUSD, HARPER, ESSIEN, CASTRO, ROBERDS**

119.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES -  1

120.    Defendants SFUSD, HARPER, ESSIEN, CASTRO, and ROBERDS were "mandated reporters" as the term is defined by Penal Code §11165.7.

121.    The acts of Defendant HARPER, as alleged in the preceding paragraphs, constituted child abuse and neglect as defined in Penal Code §11165.6.

122.    Defendants HARPER, ESSIEN, CASTRO, and ROBERDS had a duty, pursuant to Penal Code §11166, to make a report to an agency specified in Penal Code §11165.9 because they, in their professional capacity or within the scope of their employment, had knowledge of or observed that S.G. was reasonably suspected to be the victim of child abuse or neglect.  S.G. was an intended beneficiary of Defendants HARPER, ESSIEN, CASTRO, and ROBERDS' duty of care.

123.    Based upon information and belief, plaintiffs allege that Defendants HARPER, ESSIEN, CASTRO, and ROBERDS breached their duty of care established by Penal Code §11166 by failing to report the incident to a proper agency as soon as practicably possible and by failing to make a written follow-up report within 36 hours of reporting the incident.

124.    The acts and omissions of Defendants HARPER, ESSIEN, CASTRO, and ROBERDS, as alleged herein, was a substantial factor in causing S.G.'s harm as alleged herein because had Defendants HARPER, ESSIEN, CASTRO, and ROBERDS acted in accordance with their duty of care after they had knowledge of or reasonability suspected, the child abuse and neglect would not have occurred.

125.    Defendant SFUSD ratified Defendant HARPER's conduct, as alleged herein.

126.    Defendant SFUSD is vicariously liable for Defendant HARPER's conduct.

**NINTH CLAIM FOR RELIEF – Negligent Supervision Against Defendant, SFUSD**

127.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES -  1

128.     Defendant SFUSD had and has a duty of care to properly supervise its employees.

129.     Defendant SFUSD negligently supervised Defendants HARPEER, ROBERDS and DOES 1-99. Despite HARPER's inconspicuous and brazen sexual abuse of S.G. in Defendant ROBERDS' classroom and on school grounds, Defendant SFUSD's teachers and administrators failed to intervene on S.G.'s behalf for approximately five months.

130.     Defendant SFUSD's alleged conduct was a substantial factor in causing S.G.'s harm.

**TENTH CLAIM FOR RELIEF – Negligent Training Against Defendant, SFUSD**

131.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

132.     SFUSD had and has a duty of care to properly train its employees, including Defendants ESSIEN, CASTRO, ROBERDS, and DOES 1 through 99.

133.     Plaintiffs, upon information and belief, allege that Defendant SFUSD negligently trained Defendants ESSIEN, CASTRO, ROBERDS, and DOES 1 through 99 by failing to ensure that they were properly trained to perform the duties required by Penal Code §11166, Education Code §200, et seq., regarding prevention of sexual harassment, and SFUSD Board Policies 5141. 4 and 5145.7 regarding prevention of child abuse and sexual harassment.

134.     SFUSD's alleged conduct was a substantial factor in causing S.G. harm.

**ELEVENTH CLAIM FOR RELIEF – Negligent Hiring/Retention Against Defendant, SFUSD**

135.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

136.     Defendant SFUSD had and has a duty of care to properly hire and retain its

employees.

137.    Plaintiffs, upon information and belief, allege that SFUSD negligently hired and retained Defendants HARPER, ESSIEN, CASTRO, ROBERDS, and DOES 1 through 99, in addition to the acts incorporated herein, failing to ascertain when they were hired whether they could properly perform their duties required by Penal Code §11166, Education Code §200, et seq., regarding prevention of sexual harassment, and SFUSD's Board Policies 5141. 4 and 5145.7 regarding prevention of child abuse and sexual harassment and by failing to use reasonable care to ascertain during the course of their employment that they were capable and willing to perform said duties.

138.    Defendant SFUSD's conduct, as alleged herein, was a substantial factor in causing S.G.'s harm.

## TWELFTH CLAIM FOR RELIEF – Violation of Title IX, 20 U.S.C. §168(a) Against Defendant, SFUSD

139.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

140.    The conduct alleged herein by Defendant HARPER violated Title IX, 20 U.S.C. §1681(a) which prohibits any person on the basis of sex be subject to discrimination under education program or activity receiving federal financial assistance.

141.    Plaintiffs, upon information and belief, allege Defendant SFUSD is a recipient of federal financial assistance.

142.    Plaintiffs, upon information and belief, allege school officials, including, but not limited to, Defendants ESSIEN, CASTRO, and DOES 1 through 99, and others, had authority to institute corrective measures against Defendant HARPER on behalf of Defendant SFUSD.

143.     Plaintiffs, upon information and belief, allege school officials, including but not limited to, Defendants ESSIEN, CASTRO, and DOES 1 through 99, and others, had actual notice of Defendant HARPER's misconduct.

144.     Plaintiffs, upon information and belief, allege, after gaining actual notice of Defendant HARPER's misconduct, school officials with authority to institute corrective measures against Defendant HARPER on behalf of Defendant SFUSD, including Defendants ESSIEN, CASTRO, and DOES 1 through 99 and others, were deliberately indifferent to Defendant HARPER's misconduct and failed to institute corrective measures against Defendant HARPER thereby permitting Defendant HARPER to continue to discriminate against and sexually harass S.G.

## THIRTEENTH CLAIM FOR RELIEF – Violation of 42 U.S.C. §1983 Against Defendant, HARPER

145.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

146.     Plaintiffs sue Defendant HARPER in his individual capacity.

147.     In doing the acts alleged herein, Defendant HARPER was acting or purporting to act in the performance of his official duties, that is, he misused power he possessed by virtue of state law and made possible only because he was clothed with the authority of state law, and thus acted under color of state law.

148.     Defendant HARPER's conduct as described herein violated S.G.'s rights guaranteed by the United States Constitution and the laws of the United States of America, to be free from sexual discrimination and sexual harassment.

### JURY DEMAND

Plaintiffs demand a jury trial on all triable issues.

COMPLAINT FOR DAMAGES -  1

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter a judgment against the Defendants on their behalves for the following:

1. For compensatory damages according to proof,

2. An award of punitive damages against Defendant HARPER, in an amount sufficient to make an example of and punish him.

3. For reasonable attorneys' fees incurred pursuing Plaintiffs' rights pursuant to applicable statutes authorizing such attorneys' fees, incurred pursuing Plaintiffs' rights,

4. For an award of costs incurred prosecuting this action,

5. For such other and further relief allowed under the law or as this Honorable Court deems just and equitable.

DATED this 2nd Day of October, 2017

**MALLISON & MARTINEZ**

 /s/ Marco A. Palau
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES - 1